IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CARIBBEAN UTILITIES COMPANY, LTD.                                    PLAINTIFF

V.                                                           CAUSE NO. 2:17-cv-179-KS-MTP

HOWARD INDUSTRIES, INC., a Mississippi
profit corporation, and Does 1-50, inclusive                         DEFENDANT

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff Caribbean Utilities Company, Ltd, referenced herein as "Plaintiff", presents its Complaint against Howard Industries, Inc. and Does -10, as follows:

### JURISDICTION

1. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C., § 1332 in that it is a civil action between a citizen of the State of Mississippi and a citizen of a foreign state, and/or a citizen of a state other than the state of Mississippi, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. This Court has jurisdiction to hear the claims alleged in this Complaint and is a court of competent jurisdiction to grant the relief requested.

### VENUE

2. Venue is proper in this district under 28 U.S.C., § 1391(b)(1) in that the Defendant Howard Industries, Inc. ("Defendant") resides in this district. Venue is also proper in this district under U.S.C., § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

### PARTIES

3. At all times relevant, Plaintiff was and a foreign entity organized and existing under the laws of the Cayman Islands, with its principal place of business in Grand Cayman, Cayman

Islands, a British Overseas Territory. Citizens of the Cayman Islands are thus considered citizens of the United Kingdom for purposes of diversity of citizenship. Plaintiff's structure is akin to a limited liability company for purposes of diversity. None of the members of Caribbean Utilities Company, Ltd. are citizens of the State of Mississippi.

4. Howard Industries, Inc. is a corporation organized and existing under the laws of the State of Mississippi with its principal place of business in Mississippi.

## AMOUNT IN CONTROVERSY

5. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00, as Plaintiff's damages are in the millions of dollars.

## FACTS

6. At all times relevant hereto, Defendant was and is a manufacturer and seller of electrical transmission and distribution equipment used by utilities, among others.

7. At all times relevant hereto, Defendant marketed itself as "a leading manufacturer of electrical transmission and distribution equipment used by utilities and by commercial and industrial companies worldwide."

8. At all times relevant hereto, Defendant marketed its products to the Caribbean market, including to the Cayman Islands.

9. Between 2000 and 2016, Plaintiff purchased numerous stainless steel distribution transformers ("Transformers") from Defendant for its operations.

10. At all times relevant hereto, Defendant was involved in the design, engineering, manufacture, fabrication, assembly, inspection, commissioning, testing, modification, supply, distribution and/or other handling of the defective transformers and their component parts.

11. Plaintiff purchased the Transformers from Defendant pursuant to and subject to Plaintiff's specifications. This/these document(s) detailed Plaintiff's requirements for the Transformers. The specifications required by Plaintiff included but were not limited to the

following: (1) that the Transformer tank and cover would be constructed in grade 304 stainless steel finished with one coat of primer and two coats of alkyd enamel, color shall be ANSI #70, light gray, and (2) that Defendant guaranteed that each Transformer would be in accordance with all requirements and conditions of the specifications.

12. The specifications specifically required Defendant to clearly state, in detail, with its tender any exceptions, deviations or comments regarding the specifications as tendered.

13. Plaintiff's contract(s) with Defendant for the purchase of the Transformers were likewise subject to various terms and conditions.

    (a) Pursuant to those terms and conditions, Defendant warranted, among other things, that the Transformers were of merchantable quality and were satisfactory for the purposes intended by Plaintiff.

    (b) Moreover, the terms and conditions permit Plaintiff to recover, in addition to any remedies provided by law, damages, including production costs and loss of profits, and other special damages incurred by Plaintiff.

    (c) The terms and conditions also provide for Plaintiff to be indemnified by Howard for liability, loss, damage and expense, including reasonable legal fees, incurred or sustained by Plaintiff by reason of failure of the transformers to conform to warranties.

14. In entering into contract(s) with Plaintiff for the sale of the Transformers, Defendant agreed to Plaintiff's specifications (including but not limited to those set forth in the specification document(s)) and the terms and conditions.

15. Plaintiff was assured by Defendant that the Transformers would meet Plaintiff's specifications/requirements, including but not limited to those set forth in the specification document(s).

16. The Transformers and/or their component parts purchased by the Plaintiff were defective and failed.

17. Such defects were latent, and it took time for the latent defects to manifest to Plaintiff.

18. In order to induce Plaintiff to continue placing purchase orders for the Transformers, Defendant intentionally concealed a number of facts from Plaintiff, including but not limited to its design defects, manufacturing deviations, improper/substandard manufacturing practices, its continued non-compliance with the required product specifications and warranties (including but not limited to the specification document(s) and the terms and conditions), and the latent defects in the Transformers.

19. Upon discovering the defects, Plaintiff gave Defendant notice of the breach(es) and an opportunity to cure.

20. To date, Defendant has not cured the defects.

21. Defendant admitted responsibility to Plaintiff for the failure and/or defects in the Transformers and represented to Plaintiff that it would resolve the problems with the Transformers. Plaintiff believed in and relied on Defendant's conduct and representations and was induced, by the conduct and/or representations of Defendant, not to file its complaint sooner.

22. As a result of the defects/failure of the Transformers or their component parts, Plaintiff suffered property damage as well as significant other damages.

### FIRST CLAIM FOR RELIEF

(Breach of express warranty, Miss. Code Ann., § 75-2-313)

23. Plaintiff realleges and incorporates by reference each and every statement of fact and allegation contained in paragraphs 1 through 22 of this Complaint, as though they were fully set forth herein.

24. Defendant expressly warranted, among other things, that the Transformers at issue would conform to the specifications, including but not limited to the specification document(s)

4

and the terms and conditions, that they were satisfactory for the purposes intended by Plaintiff, and that they were of merchantable quality.

25. Defendant breached the express warranty(ies) when it designed, manufactured, and sold Transformers to Plaintiff which did not conform to the specifications (including but not limited to the specification document(s) and the terms and conditions), which were not satisfactory for the purposes intended by Plaintiff, and which were not of merchantable quality.

26. Plaintiff gave notice of the breach(es) to Defendant within a reasonable time after the discovery of the breach(es).

27. To date, Defendant has not cured the breach(es).

28. As a direct and proximate result of Defendant's breach of warranty(ies), Plaintiff revoked acceptance of the Transformers.

## SECOND CLAIM FOR RELIEF

(Breach of the implied warranty of merchantability, Miss. Code Ann., § 75-2-314)

29. Plaintiff realleges and incorporates by reference each and every statement of fact and allegation contained in paragraphs 1 through 28 of this Complaint, as though they were fully set forth herein.

30. Defendant is a merchant with respect to the type of Transformers it manufactured for and sold to Plaintiff.

31. The Transformers manufactured and sold by Defendant, were not merchantable at the time of the sale or delivery

32. Plaintiff gave notice of the breach(es) to Defendant within a reasonable time after the discovery of the breach(es). To date, Defendant has not cured the breach(es).

### THIRD CLAIM FOR RELIEF

(Breach of the implied warranty of fitness for a particular purpose)

33.     Plaintiff realleges and incorporates by reference each and every statement of fact and allegation contained in paragraphs 1 through 32 of this Complaint, as though they were fully set forth herein.

34.     At the time of the contracting between the parties, Defendant knew or had reason to know the particular purpose for which the Transformers were required by Plaintiff.

35.     Plaintiff relied on Howard's skill and/or judgment to select and/or deliver suitable goods.

36.     The goods sold and delivered by Defendant were unfit for Plaintiff's particular purpose.

37.     Plaintiff gave notice of the breach(es) to Defendant within a reasonable time after the discovery of the breach(es). To date, Defendant has not cured the breach(es).

### FOURTH CLAIM FOR RELIEF
(Breach of contract)

38.     Plaintiff realleges and incorporates by reference each and every statement of fact and allegation contained in paragraphs 1 through 37 of this Complaint, as though they were fully set forth herein.

39.     Plaintiff and Defendant entered into valid and binding contract(s) for the manufacture and sale of Transformers.

40.     Defendant breached the contract(s) by failing to deliver goods in accordance with the terms of the agreement and by failing to honor the other terms and conditions of the agreement. Plaintiff has been damaged monetarily as a result of Defendant's breach.

## FIFTH CLAIM FOR RELIEF

(Breach of the covenant of good faith and fair dealing)

41.     Plaintiff realleges and incorporates by reference each and every statement of fact and allegation contained in paragraphs 1 through 40 of this Complaint, as though they were fully set forth herein.

42.     In engaging in the conduct described above, Defendant not only breached valid and binding contract(s) for the manufacture and sale of Transformers but also breached the covenant of good faith and fair dealing, by virtue of its willful and/or grossly negligent disregard of its obligations under the contract.

## SIXTH CLAIM FOR RELIEF
(Fraud in the inducement)

43.     Plaintiff realleges and incorporates by reference each and every statement of fact and allegation contained in paragraphs 1 through 42 of this Complaint, as though they were fully set forth herein.

44.     Defendant misrepresented facts to Plaintiff and/or intentionally concealed facts from Plaintiff regarding the Transformers, and thereby fraudulently induced Plaintiff to purchase Transformers.

45.     Defendant's representations were false and concerned material facts. Defendant concealed material facts from Plaintiff concerning the Transformers. Among other things, Defendant touted its experience in excellence in manufacture of transformers while at the same time it improperly designed and manufactured the Transformers in a substandard manner without disclosing the substandard nature of its design and manufacturing practices to Plaintiff. Moreover, Defendant knowingly supplied Plaintiff with substandard Transformers which were not manufactured according to the specifications and which were known to and/or likely to fail and

thereby cause damage to injure Plaintiff. Defendant's silence regarding the failure to comply with the specifications expressly and impliedly represented to Plaintiff, each time, that the Transformers were made to specification, were safe for use, and would meet Plaintiff's intended purpose.

46. Defendant intended that the misrepresentations/concealment would be acted on by Plaintiff.

47. Plaintiff was ignorant of the falsity of Defendant's misrepresentations and/or the existence of the concealed facts. Among other things, Plaintiff did not know that the Defendant improperly designed and manufactured the Transformers, that Defendant failed to comply with the specification document(s), that Defendant concealed its failure to comply with the specification document(s), that Defendant intentionally provided Plaintiff with a product(s) that failed to meet specification, and that Defendant knowingly provided Plaintiff with a product that was dangerous to human life and to property and was not fit for Plaintiff's intended purpose and was not merchantable.

48. Plaintiff relied on the truth of Defendant's misrepresentations and/or relied on the failure to disclose concealed facts.

49. Plaintiff had the right to rely on Defendant's representations. Likewise, Plaintiff had the right to rely on Defendant's silence regarding any material facts.

50. Defendant engaged in the misrepresentations and/or concealment in order to induce Plaintiff to enter into further purchase contracts with the Defendant so as to enrich the Defendant at the expense of Plaintiff, an innocent party.

51. As a direct and proximate result of Defendant's misrepresentations and/or concealment, Plaintiff continued to enter into purchase contract(s) for the Transformers with the Defendant. Plaintiff was thus consequently and proximately injured and seeks recovery for its damages.

## SEVENTH CLAIM FOR RELIEF

(Product liability, manufacturing/deviation defect, Miss. Code Ann., §11-1-63)

52. Plaintiff realleges and incorporates by reference each and every statement of fact and allegation contained in paragraphs 1 through 51 of this Complaint, as though they were fully set forth herein.

53. At the time the Transformers left control of Defendant, they deviated in a material way from the specifications (including but not limited to the specification document(s) and the terms and conditions). The defective condition(s) rendered the Transformers unreasonably dangerous, and the defective and unreasonably dangerous condition of the Transformers proximately caused Plaintiff damages for which recovery is sought.

54. Defendant supplied Plaintiff with Transformers that failed and/or were defective. The defects to the Transformers were latent and unknown and unknowable to Plaintiff while they were known to Defendant. The failures in and defects to the Transformers made them dangerous to human life and to property. The danger includes, but is not limited to, the Transformers leaking hazardous oil on persons and/or property and falling from high locations on persons and/or property and causing damage due to their defective condition.

55. Defendant concealed its improper/substandard manufacturing practices from Plaintiff, causing damages to Plaintiff.

## EIGHTH CLAIM FOR RELIEF

(Product liability, breach of an express warranty/failure to conform to representations, Miss. Code Ann., §11-1-63)

56. Plaintiff realleges and incorporates by reference each and every statement of fact and allegation contained in paragraphs 1 through 55 of this Complaint, as though they were fully set forth herein.

9

57. At the time the Transformers left control of Defendant, Defendant breached an express warranty to Plaintiff or failed to conform to express factual representations upon which Plaintiff justifiably relied in electing to use the Transformers. The defective condition(s) rendered the Transformers unreasonably dangerous, and the defective and unreasonably dangerous condition of the Transformers proximately caused Plaintiff damages for which recovery is sought.

58. Defendant supplied Plaintiff with Transformers that failed and/or were defective. The defects to the Transformers were latent and unknown and unknowable to Plaintiff while they were known to Defendant. Despite its actual knowledge of the latent defects, Defendant represented to Plaintiff that the Transformers were made according to the specifications (including but not limited to the specification document(s) and the terms and conditions). Despite its actual knowledge of the latent defects, Defendant concealed such defects from Plaintiff. The failures in and defects to the Transformers made them dangerous to human life and to property. The danger includes, but is not limited to, the Transformers leaking hazardous oil on persons and/or property and falling from high locations on persons and/or property and causing damage due to their defective condition.

## NINTH CLAIM FOR RELIEF

(Product liability, failure to contain adequate warnings or instructions, Miss. Code Ann., §11-1-63)

59. Plaintiff realleges and incorporates by reference each and every statement of fact and allegation contained in paragraphs 1 through 58 of this Complaint, as though they were fully set forth herein.

60. At the time the Transformers left control of Defendant, they failed to contain adequate warnings or instructions. Defendant knew or in light of reasonably available knowledge should have known about the danger that caused the damage for which recovery is sought, and

10

that the ordinary user would not realize the products' dangerous condition. Among other things, Defendant failed to include warnings and/or instructions regarding the design, manufacture of the Transformers, and the materials used in their manufacture, which, according to Plaintiff, made the Transformers prone to fail and thereby cause damages.

61. Plaintiff is informed and believes, and on that basis alleges, that the Transformers' defective condition(s) rendered the transformers unreasonably dangerous, and that the defective and unreasonably dangerous condition of the Transformers proximately caused Plaintiff damages for which recovery is sought.

## TENTH CLAIM FOR RELIEF

(Product liability, design defect, Miss. Code Ann., §11-1-63)

62. Plaintiff realleges and incorporates by reference each and every statement of fact and allegation contained in paragraphs 1 through 61 of this Complaint, as though they were fully set forth herein.

63. At the time the Transformers left control of Defendant, they were defective because the transformers, and/or the manufacturing process used, were designed in a defective manner. The defective condition rendered the Transformers unreasonably dangerous, and the defective and unreasonably dangerous condition of the Transformers proximately caused Plaintiff damages for which recovery is sought. Moreover, there existed feasible design alternative(s) that would have to a reasonable probability prevented the harm.

64. Defendant supplied Plaintiff with Transformers that failed and/or were defective. The defects to the Transformers were latent and unknown and unknowable to Plaintiff while they were known to Defendant. Despite its actual knowledge of the latent defects, Defendant concealed such defects from Plaintiff. The failures in and defects to the Transformers made them dangerous to human life and to property. The danger includes, but is not limited to, the Transformers leaking

hazardous oil on persons and/or property and falling from high locations on persons and/or property and causing damage due to their defective condition.

## ELEVENTH CLAIM FOR RELIEF
(Negligence)

65. Plaintiff realleges and incorporates by reference each and every statement of fact and allegation contained in paragraphs 1 through 64 of this Complaint, as though they were fully set forth herein.

66. Defendant had a duty to Plaintiff to reasonably and properly design, engineer, manufacture, fabricate, assemble, inspect, commission, test, modify, supply, distribute and/or otherwise handle the Transformers, and their individual components, and to otherwise act prudently in connection therewith.

67. Defendant breached its duty of care through its negligent acts and/or omissions in designing, engineering, manufacturing, fabricating, assembling, inspecting, commissioning, testing, modifying, supplying, distributing or otherwise handling the Transformers, and their individual components, and otherwise acted negligently in connection therewith, including but not limited to, failing to warn the Plaintiff about the risks created by Defendant's acts or omissions.

68. As a direct and proximate result of the negligent and careless acts and/or omissions of the Defendant, the Transformers failed and/or were defective, and proximately caused Plaintiff damages for which recovery is sought.

## DAMAGES

69. The Plaintiff is entitled to recover all damages allowable by law for Defendant's actions and breaches as set forth herein, including:

    (a)    All remedies available under Mississippi Uniform Commercial Code,

including but not limited to Miss. Code Ann. § 75-2-711 through 75-2-715 and 75-2-721.

    (b)    Refund of all costs incurred in connection with the procurement of the Transformers, together with all additional costs incurred in procuring and installing suitable replacements, and incidental and consequential damages.

    (c)    All losses and damages resulting from Defendant's breaches of warranties, together with other incidental or consequential damages resulting therefrom.

    (d)    All costs associated with any cleanup required as a result of the defective/non-conforming Transformers.

    (e)    All damages flowing from Defendant's breach of contract and the covenant of good faith and fair dealing, including any other incidental or consequential damages resulting therefrom.

    (f)    All contractually agreed-to damages or remedies in addition to any other remedies provided by law.

    (g)    All damages flowing from Defendant's negligence.

    (h)    All damages flowing from Defendant's design and/or manufacture of the Transformers

    (i)    All damages flowing from Defendant's failure to provide and the Transformers' failure to contain adequate warnings or instructions.

    (j)    All damages flowing from Defendant's fraud.

    (k)    Due to the Defendant's willful and/or grossly negligent and/or fraudulent conduct, the Plaintiff seeks punitive damages from the Defendant.

    (l)    Plaintiff seeks all attorney's fees, expenses and costs incurred, but not limited to, those attorney's fees, expenses and costs incurred in prosecuting this litigation.

    (m)    Plaintiff seeks prejudgment interest.

## JURY DEMAND

In accordance with Fed. R. Civ. Proc. 38 and 39, Plaintiff asserts its rights under the Seventh Amendment of the United States Constitution and demand a trial by jury on all issues triable to a jury.

WHEREFORE, Plaintiff prays for judgment against the Defendant for all damages sustained as a result of Defendant's conduct, set forth herein, prejudgment interest, all costs of this action, attorney's fees, and expense, punitive damages, and all other consequential damages incurred as a result of Defendant's actions.

This the 6th day of November, 2017.

Respectfully submitted,

**CARIBBEAN UTILITIES COMPANY, LTD.**

BY: /s/ *Michael F. Myers*
MICHAEL F. MYERS (MSB #3712)
G. SPENCER BEARD (MSB #102037)

OF COUNSEL:

CURRIE JOHNSON & MYERS, P.A.
1044 River Oaks Drive
P. O. Box 750
Jackson, MS  39205-0750
Telephone:  (601) 969-1010
Telecopier: (601) 969-5120
mmyers@curriejohnson.com
sbeard@curriejohnson.com

14