IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


**CARIBBEAN UTILITIES COMPANY, LTD.**                                  **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 2:17-cv-00179-KS-MTP**

**HOWARD INDUSTRIES, INC., a Mississippi**
**profit corporation,**                                                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This cause came before the Court on Defendant's Motion to Exclude Industry Standards and State of Mind Opinions of Mehrooz Zamanzadeh and Bastiaan Cornelissen [108]. The motion has been fully briefed [109, 121, 139]. Having reviewed the parties' submissions, the relevant legal authority and otherwise being fully advised in the premises, the Court finds that the motion is not well taken, and for the reasons stated herein, it will be denied.

This case arises from electrical transformers manufactured by the Defendant, Howard Industries, Inc. ("Howard"), which Plaintiff, Caribbean Utilities Company, Ltd. ("CUC"), alleges are defective. At issue presently is expert testimony provided by CUC's experts, Mehrooz Zamanzadeh and Bastiaan Cornelissen. Howard seeks to exclude certain testimony on three grounds, which the Court will address in turn.

Prior to addressing each of these grounds, however, the Court will first address the Howard's requested relief with regard to Bastiaan Cornelissen. As CUC aptly points out, Howard has failed to identify, cite to or attach any testimony or report by Dr. Cornelissen that it proposes to exclude. The Court cannot and will not rule in the abstract. Rather, the Court must consider the specific testimony in dispute in light of the relevant authority. Without having such, the Court

1

hereby denies the motion as to Bastiaan Cornelissen without prejudice to the Howard's right to raise any objections at trial to specific testimony.

As for Dr. Zamanzadeh ("Dr. Zee"), Howard has proposed certain testimony/opinions it seeks to preclude. The admission or exclusion of expert testimony is a matter within the discretion of the district court. *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009).

**1) Testimony on Accepted Standards in the Industry.**

First, Howard cites to twelve examples of standards mentioned by Dr. Zee during his deposition. For example, one such statement is:

> This is very well known in the stainless steel industry, that in order to get rid of contamination, iron contamination and high temperature oxides due to pickling—due to welding you need to do pickling or blasting or combination . . . Those familiar with the industry, they know these things very well.

[109] at p. 2 (citing Ex. 1, Depo. of Zamanzadeh 23:3-12). Howard argues that Dr. Zee failed to show that the standards he wishes to opine about are accepted in the industry.

CUC argues in opposition that Howard fails to cite any law from Mississippi, the District Courts in Mississippi, or the Fifth Circuit that supports its position. The Court agrees that Howard has failed to adequately support its legal proposition that an expert must first establish that a standard is accepted in the industry before opining on such standard. As CUC points out, Dr. Zee cites to many different standards in his report. As for the twelve various statements by Dr. Zee during his deposition, Howard does not argue that Dr. Zee is not qualified in this field. By his knowledge, education, and experience, and expert can testify as to what may or may not be accepted in the industry. Howard attacks neither his knowledge, education, or experience. However, at trial should Howard feel such is lacking, it is free to challenge on cross-examination

the underlying bases as to how Dr. Zee arrived at his determination that something is an industry standard, but such a challenge goes to the weight and not the admissibility of the testimony. *See Graham v. All Am. Cargo Elevator*, No. 1:12-CV-58-HSO-RHW, 2013 WL 5216529, at *1 (S.D. Miss. Sept. 16, 2013). Howard's criticism as to whether such standards have been adequately established should be left for the jury's consideration. *See id*. Therefore, the Court denies the motion as to this ground for exclusion.

**2) Testimony as to Ultimate Legal Conclusion**

Next, Howard claims that Dr. Zee seeks to impermissibly testify as to an ultimate legal conclusion under the guise of an alleged industry standard; however, Howard fails to cite any evidence or identify any particular portion of Dr. Zee's report or testimony that it seeks to exclude. The Court cannot rule in a vacuum. Without specific testimony or opinions to examine, the motion is denied without prejudice to Howard's right to object on a question by question basis to any particular testimony at trial that it believes should be excluded.

To the extent Howard argues generally that an expert cannot testify that a standard of care/industry standard was breached, the motion is again denied. Federal Rule of Evidence 704(a) specifically states that "[a]n opinion is not objectionable just because it embraces an ultimate issue." As CUC points out, there is a distinction between offering an opinion that may embrace the ultimate issue and offering a legal opinion that does nothing more than tell the trier of fact how to decide the ultimate issue, i.e., "defendant was negligent." Expert testimony in a specialized field is oftentimes necessary not only to establish what the standard of care is but also, contrary to Howard's argument, to assist the trier of fact in understanding the evidence and whether particular conduct was either in breach or in conformity with such standard. *Cf.*

*Meganathan v. Signal Int'l L.L.C.*, No. 1:13-CV-497, 2015 WL 11109846, at *4 (E.D. Tex. June 26, 2015) (allowing expert to testify based on experience as to industry standards and customs and measure defendant's practices against those standards); *Roy v. Fla. Marine Transporters, Inc.*, No. Civ. A 03-1195, 2004 WL 551208, at *3-4 (E.D. La. Mar. 18, 2004) (examining expert opinions regarding defendant's breach of certain standards, not on the grounds that testimony that breach occurred is impermissible but on grounds that some opinions were based on common sense and needed no expert and some underlying bases for other opinions rendered opinions unreliable).

**3) Testimony Regarding Howard's Knowledge, Motive, Intent, and State of Mind**

Finally, Howard argues that Dr. Zee seeks to impermissibly testify as to Howard's knowledge, motive, intent, and state of mind. Howard cites to three statements that are recited in the conclusion of the Dr. Zee's report:

> 1) "The foregoing indicates that Howard Industries has the experience, resources, and industry contacts to be very knowledgeable in the manufacturing of pole-mounted transformers."
>
> 2) "Given Howard Industries' position within in the industry, it should have a) known the risks associated with a production line used for both carbon steel and stainless steel . . . ."
>
> 3) "It is reasonable for CUC not to have confidence in the stainless steel transformers from Howard Industries and be very concerned about the risks associated with those transformers."

Howard argues that these statements/conclusions are not admissible because they do not require Dr. Zee to apply any relevant body of knowledge or expertise, and that he is merely providing a narrative of the case that a jury is capable of understanding without his help. Howard further argues that the information underlying these statements must be presented through fact

4

witnesses and documentary evidence. Howard relies on the cases of *In re Rezulin Products Liability Litigation*, 309 F. Supp. 2d 531 (S.D.N.Y. 2004); *Beauregard Parish School Board v. Honeywell, Inc.*, No. 2:05-cv- 1388, 2008 U.S. Dist. LEXIS 23970 (W.D. La. Mar. 24, 2008); and *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461 (S.D.N.Y. 2005). CUC responds that the statements are incorrectly characterized as state of mind opinions and that Howard's authority is unpersuasive and does not align with the law in this district.

First, the Court finds that Howard is correct in so far as Dr. Zee would be precluded from providing the sole testimony regarding certain underlying facts—such as Howard is a privately held company that offers more than 300,000 products, employees 3,500 workers, and has annual revenues in excess of 1 billion dollars. Such facts are not within Dr. Zee's personal knowledge and thus, he cannot testify as a mere conduit for underlying facts upon which he relies to form the bases of his opinion. However, to the extent "Howard Industries has the experience, resources and industry contacts to be very knowledgeable in the manufacturing of pole-mounted transformers," is an opinion, it is hardly one, as CUC points out, that Howard should object to.

While the first statement may be a conclusion that the jury themselves can draw, it is not Dr. Zee's sole opinion or even the focal point of Dr. Zee's opinions, but an underlying assumption that gets him to the second opinion to which Howard objects, which is, "Given Howard Industries' position within in the industry, it should have a) known the risks associated with a production line used for both carbon steel and stainless steel . . . ." The Court finds this opinion admissible. *Cf. Bradley v. Cooper Tire & Rubber Co.*, 2007 WL 4624613 (S.D. Miss. Aug. 3, 2007) (noting that a witness may be allowed to testify as to what a defendant should have known based on its own documents and data). While not related to what Howard should have

known based on it own documents and data, it is related to what Howard should have known under the industry standards based upon Dr. Zee's knowledge of those standards. Also, to the extent such opinion goes toward the ultimate issue of liability, perhaps under a negligence theory, it is allowed. *See Smogor v. Enke*, 874 F.2d 295, 296 (5th Cir. 1989) (citing Fed. R. Evid. 704(a)).[1]

Finally, as to the last opinion, regarding the reasonability of CUC's lack of confidence in the transformers and its concern over the associated risks, the Court finds this is not a true "state of mind" opinion or one based on speculation. Rather it is based on Dr. Zee's own evaluation that he has presented to CUC. In his report, it was Dr. Zee's own recommendation that "all [of the Howard] transformers should be removed from service due to unacceptable risk." [110-1] at p. 4. *A fortiori*, he is going to find that it is reasonable for CUC to not have confidence in the transformers. Thus, the Court finds the "opinion" admissible, but, of course, Howard is free to challenge the underlying bases of such opinion, which again goes to the weight and not the admissibility of the opinion.

Based on the foregoing, it is hereby ORDERED that Defendant's Motion to Exclude Industry Standards and State of Mind Opinions of Mehrooz Zamanzadeh and Bastiaan Cornelissen [108] is denied.

SO ORDERED AND ADJUDGED this 8th day of November 2019.

/s/ Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

---

[1] When asked whether it is good practice to use the same equipment for stainless steel fabrication that is used for mild steel fabrication, Howard's own expert testified, "in general that can create problems. It can lead to contamination. [120-2] at 105:3-7. He also testified that using the same equipment is a well-known source of iron contamination for stainless steel. *Id*. at 105:10-13.